# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER FLORES,** | § | |
| **Institutional ID No. 1336588,** | § | |
| **SID No. 4189697,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:10-CV-097-BI** |
| **EDWARD WHEELER,** | § | **ECF** |
| **Senior Warden,** *et al.* | § | |
| | § | |
| **Defendants.** | § | **Assigned to U.S. Magistrate Judge** |

## ORDER TO DISMISS WITH PREJUDICE

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on May 21, 2010 (Doc. 1). Plaintiff claims that Defendants Edward Wheeler, Cary J. Cook, Richard G. Leal, Richard A. Avants, Adrian L. Correll, Frances M. Odom, and Cheryl Lawson, officials and officers of the French Robertson Unit ("Robertson Unit") and of the Texas Department of Criminal Justice - Institutional Division ("TDCJ") subjected him to retaliation, conspired against him, deprived him of due process, and failed to protect him.

The court entered an Order Setting Evidentiary Hearing on July 14, 2010 (Doc. 6), setting an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and 28 U.S.C. § 1915 and requiring TDCJ officials to provide authenticated copies of Plaintiff's records relevant to the claims in Plaintiff's complaint. Plaintiff consented to having the United States magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c) in his complaint.

The court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

## I.   BACKGROUND

In his complaint and in his testimony, Plaintiff alleges that:

1.      During all times relevant to the claims set forth in his complaint, Plaintiff was confined to the Robertson Unit.

2.      On October 12, 2009, while being served the lunch time meal, Plaintiff was given a piece of cake that was broken into pieces.  Frances M. Odom was the officer providing security.

3.      Assistant Warden Cary J. Cook entered the chow hall.  Cook accused Plaintiff of stealing extra cake from the serving line.  Cook did not verify whether the cake was served to inmates in broken pieces with the Food Service Manager.  Cook ordered inmates with broken cake pieces, including Plaintiff, to throw away their food.

4.      Plaintiff attempted to "informally resolve" the issue by speaking to Cook.

5.      Plaintiff alleges that after he protested to Cook, Cook threw away his tray and instructed Odom to file a disciplinary case against Plaintiff for refusing to obey an order.

6.      Plaintiff argues that he had a right to complaint in the chow hall to Cook about his conduct.

7.      Cook ordered Plaintiff to exit the chow hall and stand by the fence.

8.      Plaintiff asked Lieutenant Adrian L. Correll to stop Cook and to contact Senior Warden Edward Wheeler.  Correll did not.

9.      Cook instructed Plaintiff to pack his property as he was being transferred to the B side of 7 Building.  Correll took Plaintiff to his new cell.

10.     Plaintiff's grievances were denied by Wheeler and Cheryl Lawson.

11.     Captain Richard A. Avants acted as the disciplinary hearing officer for the case Odom brought against Plaintiff for failing to obey Cook's order. Avants did not review security video

which Plaintiff believes would have been exculpatory.  Plaintiff was found guilty.  His appeals were denied by Richard G. Leal and Lawson.

Plaintiff also asserts claims under applicable state law.   Plaintiff is seeking declaratory and injunctive relief, an award of nominal and punitive damages, and an award of attorneys fees and costs.

## II.   ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.  These provisions thus apply to this *in forma pauperis* prisoner civil rights action.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact."  *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998).  A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1).  A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions.  *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

The court has considered Plaintiff's claims as set forth in his complaint and as supplemented by his *Spears* hearing testimony in conducting this initial review.

### A.    Official Capacity Claims

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.  *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).  Personal involvement is an essential element of a civil rights cause of action.  *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983).  Supervisory officials may  be held liable only if they (i) affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury."  *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992).  Vicarious liability does not apply to § 1983 claims.  *Pierce v. Tex. Dep't Of Crim. Justice, Institutional Div.*, 37 F. 2d 1146, 1150 (5th Cir. 1994).

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983.  *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)).  A state's sovereign immunity is not waived for claims pursuant to § 1983.  *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)).  Moreover, the State of Texas has not consented to this suit.  *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)).  As an instrumentality of the state, TDCJ (including the Robertson Unit) is immune from a suit for money damages under the Eleventh Amendment.  *Talib*, 138 F.3d at 213.  Federal claims against state employees in their official capacities are the equivalent of suits against the state.  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).  The Eleventh Amendment immunity thus extends to TDCJ officers acting in their official capacity.  *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law. *See Aguilar*, 160 F.3d at1054. However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)).

Plaintiff's allegations fail to demonstrate that any Defendant implemented a policy which causally resulted in any alleged constitutional deprivations. Plaintiff's allegations, accepted as true, also fail to demonstrate any basis for liability of any Defendant because of supervisory capacity. Therefore, Plaintiff's claim against the Defendants in their official and supervisory capacities lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**B.      Retaliation and Due Process claims**

Plaintiff alleges that the Defendants retaliated against him for complaining to Cook in the chow hall by throwing away his food tray, filing a false disciplinary case against him, and subjecting him to an intra-unit transfer. Plaintiff also argues that the Defendants failed to grant him the relief requested in his administrative grievances.

In the context of the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*,

515 U.S. 472 (1995).  Such liberty interests may emanate from either the Due Process Clause itself or from state law.  *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  *Id*. at 487.  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

Due process requires that the prisoner receive (1) a twenty-four hour advance written notice of the hearing on the claimed violation; (2) an opportunity to be heard, including the ability to call witnesses and present evidence in his defense, when consistent with institutional safety and correctional goals; and (3) a written statement of the fact-finder detailing the evidence relied upon and the reasons for the disciplinary action.  *See Wolff*, 418 U.S. at 563-67; *see, e.g.*, *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (Lack of due process claim fails where claimant does not explain how the alleged claim prejudiced the preparation of his defense.). Due process also requires at a minimum that "some evidence" in the record supports the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005); *see, e.g.*, *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (per curiam) (inmate's civil rights suit alleging that no evidence supports disciplinary action against him properly dismissed as record revealed that "some evidence" supported charge).  The "some evidence"

standard is extremely deferential. *Morgan*, 433 F.3d at 457. The Fifth Circuit has found that the "some evidence" requirement was met where a correction officer testified and an inmate indicated he had struck another inmate, and was sufficient to support the institution's decision to punish the inmate for fighting. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam).

The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which adversely affects a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. *Id.* at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

The minimum positive procedural rights accorded to prisoners are: (1) advance notice of a claimed violation, (2) a written statement of the fact finders of the evidence relied upon and the reason for the disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence. *Banuelos*, 41 F.3d at 234; *Smith v. Rabalais*, 659 F.2d 539, 542 (1981). The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Id.* at 545. Plaintiff's allegations fail to demonstrate that he was deprived of any of the minimum positive procedural rights or any other process which he was due.

Plaintiff also asserts a claim that the Defendants initiated the disciplinary proceedings against him without probable cause. The court notes that malicious prosecution no longer provides an independent basis for a section 1983 claim in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) ("[N]o . . . freestanding constitutional right to be free from malicious prosecution exists."). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id.* Although Plaintiff claims that his rights to due

process were violated by TDCJ officials who denied his administrative grievances, failed to appropriately investigate his complaints, or failed to provide him the relief requested, the Fifth Circuit has made it clear that a "prisoner has a liberty interest only in 'freedoms from restraint . . . imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) and *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Plaintiff does not "have a federally protected liberty interest in having these grievances resolved to his satisfaction."  *Id.*

Plaintiff's due process allegations, including his allegations about the disciplinary procedure and hearings, the disciplinary cases, and responses and failure to grant requested relief or investigate Plaintiff's claims thus lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Plaintiff alleges that he was subjected to retaliation for exercise of his First Amendment rights to complain insofar as Cook threw his food tray away after Plaintiff failed to comply with his order to do so, and insofar as Plaintiff was subjected to an intra-unit transfer.

To state a valid claim for retaliation under Section 1983, a prisoner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *Jones v. Grenginer*, 188 F.3d 322, 324-25 (5th Cir. 1999).  A plaintiff's personal belief that he was the victim of retaliation is not sufficient to support his claim of retaliation.  *Id.*  Moreover, mere conclusory allegations of retaliation are insufficient to support a claim of retaliation.  *Id.*  The plaintiff "must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred."  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff is required to "produce direct evidence of motivation," or "allege a chronology of events from which retaliation may plausibly be inferred." *Id*. A plaintiff's personal belief that he was the victim of retaliation is not sufficient to support his claim of retaliation. *Id*. Moreover, mere conclusory allegations of retaliation are insufficient to support a claim of retaliation. *Id.* Plaintiff is required to "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Id.* Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Plaintiff alleges that Cook threw away his food tray after Plaintiff exercised his First Amendment right to complain about Cook's conduct in accusing Plaintiff of having taken extra cake.

Prisoners retain those First Amendment rights that are consistent with their status as prisoners or with the legitimate penological objectives of the prison. *Hudson*, 468 U.S. at 523. It is well established that inmates have a constitutional right of access to the courts. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). It is also well established that prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). A prisoner does retain, in a general sense, a right to criticize prison officials. *Freeman*, 369 F.3d at 864. A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citing *Woods*, 60 F.3d at 1164). A guard thus may not harass an inmate in retaliation for the inmate complaining to supervisors about the guard's conduct. *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). Rather, "[a] prison inmate is entitled to his First Amendment right to freedom of expression so long as it is not inconsistent with his status as a prisoner and does not adversely affect a legitimate state interest." *Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989)

(citations omitted).  Plaintiff's allegations, accepted as true, demonstrate that he verbally argued with Cook about the cake and the order to throw away his tray, that Cook threw away his tray when Plaintiff failed to comply with the order, that Plaintiff was given a disciplinary case for failing to comply with the order, and that Plaintiff complained, via administrative grievance about the incident and the disciplinary case.  Plaintiff's allegations fail to demonstrate that any First Amendment right was implicated by Cook throwing away his food tray after he verbally complained and failed to comply with Cook's order.

Plaintiff also alleges that his housing was changed as a result of his disciplinary case.  An inmate has neither a protected property nor liberty interest in his custodial classification."  *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted).  Moreover, Plaintiff does not have a constitutionally cognizable liberty interest in his security classification.  *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  The Fifth Circuit has consistently recognized that a prison inmate has no liberty interest in a particular custody classification.  *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which adversely affects prisoners.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  The determination to change Plaintiff's custodial classification and move him to another part of the prison as a result thereof, thus, does not implicate a protected property or liberty interest.  Therefore, the protections of the Due Process Clause did not attach to the proceedings.  *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).  Plaintiff's allegations about his change in classification and housing assignment, accepted as true, fail to state a claim upon which relief may be granted. Plaintiff's claim related to his housing should therefore be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Having carefully considered Plaintiff's factual assertions, the court finds that Plaintiff has failed to state a cognizable constitutional claim for retaliation, and such claim should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### C.      Failure to Protect Claims

Plaintiff alleges that Correll failed to protect him by failing to call Wheeler as requested.

"To prevail on a section 1983 failure to protect claim, a prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black,* 133 F.3d 301, 308 (5th Cir. 1998)).  In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate and fail to protect the inmate from that harm.  *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference."  *Domino,* 239 F.3d at 756 (quoting *Farmer*, 511 U.S. at 838).

Plaintiff's factual allegations do not demonstrate *any* substantial risk of serious harm that Correll was subjectively aware of and failed to protect him from.  Insofar as Plaintiff claims that officials failed to protect him by giving him the relief sought in his administrative grievances, Plaintiff does not have any protected right to have his grievances resolved to his satisfaction. *Geiger*, 404 F.3d at 374.

The court finds that Plaintiff's failure to protect claims lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### D.      Conspiracy Claim

Plaintiff alleges that the various Defendants conspired against him, insofar as his food tray was thrown away, he was given and found guilty of a disciplinary case, his grievances and appeals were denied, and he was transferred to different housing.

To prove a conspiracy claim cognizable under § 1983, Plaintiff is required to show that the Defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990) (citing *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982)). The Fifth Circuit has stated that specific facts must be pled when a conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit a criminal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory allegations of conspiracy will not support a claim under § 1983. *Wilson v. Budney,* 976 F.2d 958 (5th Cir. 1992). In pleading these specific facts, the Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). In addition, to recover on a claim of conspiracy, the Fifth Circuit has held that there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

Plaintiff relies entirely upon his conclusory allegations to support his claim of conspiracy. Plaintiff's allegations, accepted as true, fail to demonstrate that the named Defendants acted together to deprive him of a constitutional right, that he was deprived of any right, or that the Defendants agreed to commit a criminal act. The allegations fail to demonstrate any agreement involving each of the named Defendants. Plaintiff's conspiracy claims lack an arguable basis in law or fact. The court, therefore, finds that such claims lack an arguable basis in law or fact and should be

**DISMISSED WITH PREJUDICE AS FRIVOLOUS** against each of the Defendants against whom these claims are asserted.

### III.   CONCLUSION

The court has considered Plaintiff's allegations in his complaint and his testimony.  The court finds that Plaintiff has failed to state cognizable constitutional claims against any Defendant in his or her individual, official, or supervisory capacities for deprivation of free speech, deprivation of due process, failure to protect, conspiracy, or retaliation.

Having found that Plaintiff's claims should be dismissed with prejudice as frivolous, the court declines to exercise jurisdiction over Plaintiff's state law claims.

**IT IS, THEREFORE, ORDERED** that all of Plaintiff's claims asserted against the Defendants in their individual, official, or supervisory capacities for deprivation of free speech, deprivation of due process, failure to protect, conspiracy, or retaliation are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Judgment shall be entered accordingly.  This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).  Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed.  *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

DATED this 4th day of January, 2012.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**